**Simuntarya ANG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71459.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 20, 2004.

Roni P. Deutsch, Esq., Encino, CA, for Petitioner.

Natalia A. Nekrasova, Encino, CA, Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Allen W. Hausman, Attorney, San Francisco, CA, Thomas C. Lederman, Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Simuntarya Ang, a native and citizen of Indonesia of Chinese descent, petitions for

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

review of the order of the Board of Immigration Appeals ("BIA") summarily affirming the decision of the Immigration Judge ("IJ") denying his applications for withholding of removal and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We grant the petition and remand.

The IJ's decision appears to be based on an implicit adverse credibility finding. For example, the IJ stated that she did not believe that Ang was attacked with a brick in high school or later at aviation school because of his Chinese ethnicity, speculating that Ang's attackers did not know he was ethnically Chinese. The IJ did not explicitly address Ang's credibility, however, and did not address Ang's testimony that his attackers called him "Chinese, Chinese." *See Shoafera v. INS,* 228 F.3d 1070, 1074 n. 3 (9th Cir.2000) ("the law of this circuit does not permit implicit adverse credibility determinations"). Accordingly, we remand to the BIA to evaluate Ang's credibility expressly. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

**PETITION FOR REVIEW GRANTED; REMANDED.**